19-851-cv
Leidig v. BuzzFeed, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

MICHAEL LEIDIG, CENTRAL EUROPEAN NEWS LTD.,

> *Plaintiffs-Appellants*,

> v.                                                            No. 19-851

BUZZFEED, INC.,

> *Defendant-Appellee.*

---

FOR PLAINTIFFS-APPELLANTS:          HARRY H. WISE, III, Law Office of Harry H. Wise, III, New York, N.Y.


FOR DEFENDANT-APPELLEE:          KATHERINE BOLGER, (John Browning, Rachel F. Strom, *on the brief*), Davis Wright Tremaine LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 27, 2019, is **AFFIRMED**.

Plaintiffs-Appellants Michael Leidig ("Leidig") and Central European News Ltd., ("CEN") (collectively, "Plaintiffs") appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) entered for Defendant-Appellee BuzzFeed, Inc. ("Defendant" or "BuzzFeed") following BuzzFeed's motion for summary judgment on Plaintiffs' libel claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's ruling.

The following statement of facts is taken from the undisputed portions of the parties' filings. On April 24, 2015, BuzzFeed, an internet media company, published an article entitled "The King of Bullsh*t News" (the "Article") on its website. The Article primarily addressed a selection of news stories sold by CEN, an international news agency founded by Leidig in 1995, to third-party English-language media services around the globe. The Article described stories from non-English language countries that were disseminated and sold by CEN on a range of topics. The stories reported, for example, that teenagers in China were walking cabbages on leashes because of the teens' loneliness; that a Russian woman killed her kitten by dyeing it pink; and that a two-headed goat was born on a farm in China. The Article was based on many months of investigation conducted by BuzzFeed journalists. It followed reports by other news organizations that alleged inaccuracies in CEN's stories. The Article stated that "the evidence assembled by BuzzFeed News suggests that an alarming proportion of CEN's 'weird news' stories are based on exaggeration, embellishment, and outright fabrication[.]" J.A. at 36.

On January 25, 2016, Plaintiffs brought this action against BuzzFeed, alleging that the Article falsely suggested that they are in the business of publishing "fake news" and thereby

defamed them. *Leidig v. BuzzFeed, Inc.*, 371 F. Supp. 3d 134, 138 (S.D.N.Y. 2019). The complaint focuses on eight specific statements made in the Article. It alleges that they are defamatory and were published by Buzzfeed with reckless disregard as to their truth or falsity.[1] On March 27, 2019, the District Court granted BuzzFeed's motion for summary judgment.

We review *de novo* a district court's determination on summary judgment. *See, e.g., Chau v. Lewis*, 771 F.3d 118, 126 n.4 (2d Cir. 2014). In doing so, we use the same standard as does the district court, affirming a grant of summary judgment only where "there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." *Jones v. Cty. of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019) (citation omitted). To prevail on a libel claim under New York law (which no one disputes applies here), the plaintiff must show that the defendant published a false and defamatory statement that is about the plaintiff, without privilege or authorization, to a third party, with the requisite degree of fault, and that the statement caused damage or was per se libelous. *See Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001).

The District Court's decision on summary judgment focused on falsity. The District Court observed that, apart from the conclusory affidavits of Leidig and CEN employees, Plaintiffs "provide no evidence that BuzzFeed's eight statements about the CEN stories are false." *Leidig*, 371 F. Supp. at 144. It further determined that "BuzzFeed has shown that no reasonable juror could find the statement[s] or [their] reasonable implications false." *Id.* at 150. For example, the District Court found that "[o]ther than Leidig's self-serving and

---

[1] Plaintiffs focused on the following eight statements published in the Article: (1) CEN's story about people in China walking cabbages out of loneliness "was quickly debunked" by various news outlets, including BuzzFeed; (2) CEN's story about a Chinese man who had developed a tapeworm by eating too much sashimi was also "debunked"; (3) CEN sold a "false" story about a Russian woman who dyed her kitten pink, supposedly causing its death; (4) CEN fabricated quotes in connection with a story about Russian women stripping in public and losing their jobs as a result; (5) CEN fabricated a story about the birth of a two-headed goat on a farm in China; (6) CEN's business suffered 'after 9/11,' driving Leidig 'to play the online game as he saw it [,] . . . scouring for images and posts on social networks that he could weave a story around in order to hit up old clients with a new kind of content'"; (7) "CEN's stories frequently contain lines from someone that no one else could persuade to talk, including the local media. And many of these quotes… include phrases that one would expect to hear from someone who grew up in the UK"; and, finally, (8) the headline, "The King of Bullsh*t News," which Plaintiffs allege is an assertion that Plaintiffs "were in the business of publishing news articles presented as true that are false." *Leidig*, 371 F. Supp. 3d at 138-41.

discredited testimony," Plaintiffs offered no evidence regarding the accuracy of the story about young people walking cabbages in China out of loneliness. *Id.* at 145. Similarly, the District Court noted that, in Leidig's deposition, he admitted that "he does not know where the quotes in the Two-Headed Goat Story came from." *Id.* at 148.

For substantially the same reasons as those set forth by the District Court in its thorough opinion, we conclude that Plaintiffs' claims of accuracy could not be accepted by any reasonable juror. Plaintiffs simply fail to present any competent evidence suggesting that BuzzFeed's reporting was false.

Plaintiffs primarily contend that the District Court incorrectly applied this Court's decision in *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 188 (2d Cir. 2000), using it (erroneously, they argue) to eliminate from the court's consideration "nearly all of [their] evidence, including declarations of Mr. Leidig and deposition testimony by him and by four of his journalists." Appellant's Br. at 44. This contention is unavailing. As we held in *Celle*, "While a bland cryptic claim of falsity supported by the credibility of a witness might be sufficient to establish a proposition in other civil cases, the First Amendment demands more." 209 F.3d at 188. The District Court reasonably determined that Plaintiffs' conclusory assertions alone are insufficient to establish a genuine issue of material fact with respect to the falsity of the contested statements made by Buzzfeed. We explained in *Celle* that, "[t]o accept such a colorless denial as sufficient proof would effectively shift plaintiffs' burden of establishing falsity onto media defendants to establish truth." *Id.* Our reasoning applies just as strongly here, where Plaintiffs published the stories that BuzzFeed described as fabricated. Plaintiffs "can be expected to have easy access to additional proof of falsity." *Id.* That is, Plaintiffs are better positioned than Defendants to show whether their reports of two-headed goats, people walking cabbages out of loneliness, and so on, were accurate and substantially true. *See id.* At a minimum, Plaintiffs "should have laid a foundation for [their] bald assertion of falsity." *Id.* Without more, their argument fails.

Because we conclude that the District Court correctly determined that Plaintiffs failed to establish any genuine issue of material fact with respect to the falsity of Buzzfeed's

contested statements, we need not determine whether Plaintiffs should be considered public figures for purposes of this suit. BuzzFeed was entitled to summary judgment.

* * *

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5